Richard R. Barker
Acting United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:24-CR-02040-MKD |
| Plaintiff, | PLAINTIFF'S SENTENCING |
| vs. | MEMORANDUM |
| JOSE ANTONIO SALDANA, | |
| Defendant. | |

The United States of America, by and through Richard R. Barker, Acting

United States Attorney for the Eastern District of Washington, and Michael D.

Murphy, Assistant United States Attorney, submits the following Sentencing

Memorandum.

Defendant was convicted of the four counts charged in the Indictment (ECF

1) filed May 14, 2024 following a jury trial held March 10-12, 2025. ECF 64, 67,

71, 72. In Counts 1 and 2, he was convicted of Abusive Sexual Contact, in violation

of 18 U.S.C. §§ 1152, 2244(a)(5), and 2246(3). ECF 73. In Count 3, he was

convicted of Abusive Sexual Contact, in violation of 18 U.S.C. §§ 1152,

12244(a)(3), and 2246(3). *Id.* In Count 4, he was convicted of Attempted

Aggravated Sexual Abuse in violation of 18 U.S.C. §§ 1152, 2241(c). *Id.*

## I.    BASE OFFENSE LEVEL AND ENHANCEMENTS

The draft PSIR provides for a total offense level of 43, criminal history

category of V, with a guideline range of incarceration of life as to Counts 1, 2 and 4

and a guideline range of incarceration of 24 months at to Count 3, to be followed by

5 years to life of supervised release as to all counts. Draft PSIR, ECF 76, ¶ 168.

The United States agrees with the calculations in the Draft PSIR.

## II.    DEPARTURES AND OBJECTIONS

The United States does not seek any departure in this matter or, alternatively,

any variance. Further, the United States does not have any objections to the draft

PSIR. The Guidelines are the starting point and the initial benchmark for the

sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007).  The Court

"take[s] into account the totality of the circumstances" to determine whether a

sentence is reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).  Upon

appellate review, "the scheme of downward and upward 'departures' [is] essentially

replaced by the requirement that judges impose a 'reasonable' sentence." *United*

*States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). A reasonable sentence under the facts of this case is one as recommended by the Sentencing Guidelines- that of life imprisonment.

III.    SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

1. The nature and circumstances of the offense and the history and characteristics of Defendant.

The Court has heard the testimony and observed the demeanor of the three victims of the charged conduct at trial. Their testimony described repeated instances of sexual abuse and contact by Defendant when they were children and young girls visiting or living in the same household as Defendant. As described in the draft PSIR, seven other women reported sexual abuse or attempted sexual abuse or contact by Defendant. Of those, six described sexual abuse or contact when they were very young, similar ages to those of the victims of the charged conduct at the time of their abuse. A.W. disclosed a sexual assault by Defendant in 2017. ECF 76, ¶ 69. A.Y.W. described Defendant touching her genitals and biting her ear when she was five years old. *Id.* at ¶ 71. M.L. described Defendant giving her "boyfriend type" kisses when she was eight or nine years old and seeing him kissing A.W. in a similar fashion. *Id.* at ¶ 72. G.Y., who was a young adult, reported that Defendant had sent her unsolicited "dick pics" after dating her mother. *Id.* ¶¶ 73-74. A.T. reported being sexually assaulted by Defendant when she was around twelve years old. *Id.* ¶¶ 75-76. A.A. reported that Defendant attempted to have sex with her multiple times when she was a

child and under twelve years old. *Id.* at ¶¶ 77-78.  R.T. reported being repeatedly

sexually assaulted by Defendant from the ages of three to four until twelve to thirteen.

She described Defendant kissing her on the mouth and using his tongue as well as

touching her genitals. *Id.* at ¶¶ 79-81. R.T. also described disclosures of sexual abuse

by Defendant from two other girls, V.T. and G.S.. *Id.* at 81.

Defendant is a 43-year-old man with a GED who has lived his life in and

around Wapato, Washington and in the Yakima Valley. ECF 76, p. 3, ¶¶ 112, 113.He

has a limited history of criminal convictions, involving no felonies, and no significant

history of substance abuse apart from a conviction related to driving under the

influence of alcohol when he was sixteen years old. *Id.* at ¶¶ 85-100, 123-124.

However, as shown by the testimony at trial and as recounted by multiple other

victims, he has sexually abused female children in his households for decades. It is

this history and characteristic of Defendant which merits a sentence of life

imprisonment.

"[A] sentencing court may rely on *any* evidence relating to a defendant's

background, character, and conduct when considering the sentencing factors found

in 18 U.S.C. § 3553(a)." *United States v. Christensen*, 732 F.3d 1094, 1104 n. 2 (9th

Cir. 2013) (emphasis added). Sentencing courts are permitted to consider the widest

possible breadth of information about a defendant to ensure that the punishment will

suit not only the offense, but also the individual defendant. *Pepper v. United States*,

562 U.S. 476, 488 (2011). Accordingly, by statute Congress directs that "[n]o

limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Even "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence". *United States v. Watts*, 519 U.S. 148, 157 (1997) (*per curiam*).

Defendant has a criminal history score of 2 and a criminal history category of II prior to adjustment to a category V on the basis of being a repeat and dangerous sex offender against minors under USSG 4B1.4. ECF 76, ¶¶ 103-104. He committed his crimes against children, preying upon their vulnerability and counting upon adults not believing them if they reported his actions. The profound damage he has caused multiple women is reflected in the journal entry of Minor 3, introduced at trial as Exhibit 11, in which she began "Im 14 and ima stay unknown because by lif is really fucked" before going on to recount Defendant's sexual abuse of her. As explored in cross-examination, Minor 3 is currently homeless and out of school. While not solely attributable to Defendant's actions, sexual abuse by a trusted adult has undoubtedly contributed to that child's difficult life situation. When contacted by the investigating FBI Agent, R.T. told the agent that she had been waiting for and dreading such a call, about Defendant and his sexual abuse, for years. A.T. described struggling for years

and trying to block out what had happened. In her victim impact statement, Minor 2 describes still having nightmares about the traumas she has been through in life.

Defendant has not accepted responsibility for his actions. ECF 76, ¶ 66. When confronted over Facebook Messenger by Minor 2 after initiating contact with her, Defendant asserted that she was crazy and generally denied doing anything. *Id.* at ¶ 18, Trial Exhibit 9. He generally denied any inappropriate or sexual contact with any underage females when interviewed by law enforcement. ECF 76, ¶ 19.

The United States submits that there are no mitigating factors in the draft PSIR which indicate that a sentence outside of the sentencing guidelines is appropriate. Defendant's history of sexually assaulting vulnerable girls merits a guideline sentence of life imprisonment. *Cf. United States v. Longee*, 407 F. App'x 122, 124 (9th Cir. 2010) (unpublished) (Affirming a life sentence for aggravated sexual abuse in violation of 18 U.S.C. §§ 1153(a) and 2241(a) and noting the defendant did not explain how or why his personal history affected his culpability, or how his history rendered a Guidelines sentence unreasonable.).

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

A guideline sentence of life imprisonment is appropriate to reflect the seriousness of the offenses. *Cf. United States v. Woody*, 45 F.4th 1166, 1180 (10th Cir. 2022) (Affirming concurrent life sentences for a sixty-year-old defendant for convictions for Aggravated Sexual Abuse and Abusive Sexual Contact of two step-

daughters). In this case, the United States submits that the Court should conclude from the manner of testimony by the victims, by their demeanor and the difficulty which they had in answering questions, and by the statements of the victims of uncharged conduct in the draft PSIR that Defendant's repeated sexual assaults and the recollection of those assaults by the victims, both charged and uncharged, has caused significant trauma to them.  Upward departures under the Sentencing Guidelines may be appropriate based upon multiple sexual contacts with the same victims and upon extended nature of sexual assaults. *United States v. Waseta*, 647 F.3d 980, 991-92 (10th Cir. 2011) (collecting cases). In this case, rather than an upward departure, the United States submits that the application of a guideline sentence is appropriate.

In this case, the need for just punishment for Defendant's proven crimes of sexually assaulting both pubescent and pre-pubescent victims calls for a sentence of life imprisonment.

3. The need for the sentence imposed to afford adequate deterrence to criminal conduct.

A sentence of life imprisonment would deter any further criminal conduct by Defendant. A statutorily minimum sentence may lead Defendant to conclude that his conduct was so minimal as to justify no more than the least sanction the law will permit, thereby failing to provide deterrence.

4. The need for the sentence imposed to protect the public from further crimes of Defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Prior conduct, even remote in time, can demonstrate an increased danger of recidivism. *United States v. Garner*, 490 F.3d 739, 743 (9th Cir. 2007). Further, "the particularly high danger of recidivism of sex offenders is well-known". *Id.*  As demonstrated by the facts at trial in this case and contained in the draft PSIR, "[t]he victims of sex assault are most often juveniles".  *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 4 (2003) ((citation omitted) (internal quotation marks omitted) (alteration marks omitted)). "[W]hen convicted sex offenders reenter society, they are much more likely than any other type of offender to be re-arrested for a new rape or sexual assault. *Id.*; *also see McKune v. Lile*, 536 U.S. 24, 33-34 (2002) (The risk of recidivism posed by sex offenders is "frightening and high.").  Defendant's history of sexual assaults and attempted sexual assaults of multiple victims over decades provides a reasonable basis for the Court to conclude that he will present a danger to vulnerable females upon completion of any period of incarceration.  A sentence of life imprisonment would protect the public from any further crimes by Defendant.

To an extent, a correctly calculated guideline, while advisory and not binding on the Court, establishes a reasonable sentence so long as it is in accord with the Court's consideration of the 18 U.S.C. § 3553(a) factors, as the Guidelines are based upon extensive research and consideration. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."). In this case, the

GOV'T SENT. MEMO.                           8

1  properly calculated guideline sentence of life imprisonment is both reasonable and

2  necessary to protect the public from further crimes by Defendant.

3
4      5.   The need for the sentence imposed to provide Defendant with needed
            educational or vocational training, medical care, or other correctional
5           treatment in the most effective manner.

6  A sentence of life imprisonment would provide Defendant with effective

7
   correctional treatment. Further, should the Court impose a term of imprisonment of
8

9  less than life, it should impose a term of supervised release that extends for

10 Defendant's life. "Supervised release fulfills rehabilitative ends, distinct from those

11
   served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). In other
12

13 words, supervised release is not a punishment in lieu of incarceration. *See United*

14 *States v. Granderson*, 511 U.S. 39, 50 (1994). Given Defendant's history of sexual

15
   exploitation of the vulnerable, supervision for life is appropriate to fulfill the
16

17 rehabilitative ends of providing sex offender treatment and vocational assistance.

18

19
       IV.    GOVERNMENT'S SENTENCING RECOMMENDATION
20

21     The government recommends that the Court impose a sentence of incarceration

22 of life followed by a term of supervised release for life and no criminal fine.

23
   Defendant must pay a $400 Special Penalty Assessment and may be required to pay a
24

25 $5,000 Special Penalty Assessment pursuant to the JVTA. ECF 76, ¶¶ 156-158. The

26 United States does nor request the latter assessment in light of its recommendation of

27
   a sentence of life imprisonment. Should another sentence be imposed, the $5,000
28

1    JVTA assessment would also be appropriate. Restitution is mandatory; however, no

2    requests for restitution have been received at the time of the filing of this document.

3         DATED this 27th day of May, 2025.

4

5                                        RICHARD R. BARKER
                                         Acting United States Attorney
6
                                         s/Michael D. Murphy
7                                        MICHAEL D. MURPHY
                                         Assistant United States Attorney
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOV'T SENT. MEMO.                        10

1

2

**CERTIFICATE OF SERVICE**

3        I hereby certify that on May 27, 2025, I electronically filed the foregoing with

4  the Clerk of the Court using the CM/ECF System, and a copy was emailed to the

5  counsel of record in this case.

6

7

8                                  s/ Michael D. Murphy
                                   Michael D. Murphy
9                                  Assistant United States Attorney
                                   United States Attorney's Office
10                                 402 E. Yakima Ave., Suite 210
                                   Yakima, WA 98901
11                                 (509) 454-4425
                                   Fax:  (509) 249-3297

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOV'T SENT. MEMO.                        11