Ulvar W. Klein
2nd Street Law PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
Attorney for Defendant
Jose Antonio Saldana

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:24-CR-2040-MKD |
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| vs. | |
| JOSE ANTONIO SALDANA | |
| Defendant(s). | |

Comes now the defendant, Jose Antonio Saldana, by and through counsel, and submits his sentencing memorandum. The defendant was convicted at trial and faces a minimum sentence of 30 years. The defendant shall appeal his conviction and will maintain objections wherever possible. Based on the jury verdict, a 30 year sentence more than covers the 3553 factors punishment goals.

2nd Street LAW PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

OBJECTIONS TO PSIR

The presentence investigation is based upon police reports instead of trial testimony. At any point in which the two differ, the defense objects to the use of police reports. Further, the defendant objects to the acceptance of any "fact" that would not have been necessary for any one of the convictions. This is especially true where the PSIR lists the conviction in count 4 as the completed crime of Aggravated Sexual Abuse, instead of the amended crime of conviction-Attempted Aggravated Sexual Abuse.

MEMORANDUM

The base offense level in this case is 38 for the crime of Attempted Criminal Sexual Abuse. The other counts of conviction group into this calculation. The PSIR adds an offense level bump of 5 points under section 4(B)1.(5)(b)[1]. This section enhances punishment for offenders who engage in a pattern of activity involving prohibited sexual conduct. The defendant does not stipulate as to any fact or factors for this increase. Further, the defendant does not stipulate as to any fact or factors from police reports or any fact from testimony that is not fundamentally part of the jury verdicts.

---

[1] The defense objects to this finding.

- 2 -

2nd Street LAW PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

The defendant was found guilty of:

Count 1: Abusive Sexual Contact in violation of 18 USC 1152, 2244(a)(5). According to jury instruction No. 12 this would potentially include sexual contact as relatively mild as touching the breast(s) of a child under the age of 12. Further, the defendant would have potentially been around the age of 18 or even younger at the time of the act[2].

Count 2: Abusive Sexual Contact in violation of 18 USC 1152, 2244(a)(5). As in count 1, this would potentially include sexual contact of the breast(s) of a child under the age of 12. (Count 1 and 2 involve the same child.) The defendant would have been around the age of 20 years old at the time of this act[3].

Count 3: Abusive Sexual Contact in violation of 18 USC 1152, 2244(a)(3), 2246(3). This count specifically referred to the touching of the buttocks either directly or through the clothing of a child who was between the ages of 12 to 16 years old[4].

Count 4: Attempted Aggravated Sexual Abuse in violation of 18 USC 1152, 2241(c),2246(2)(B), (D). This specifically alleged that the defendant took a substantial step toward engaging in a sexual act with an Indian child who was under the age of 12. Pursuant to jury instruction #15 this would have been an attempt to

---

[2] Instruction No. 12 and PSIR at pg. 3 -Defendant's D..O.B. 5-27-1981
[3] Instruction No. 13 and PSIR at pg. 3 -Defendant's D.O.B. 5-27-1981
[4] Instruction No. 14

- 3 -

engage in oral sex or the intentional touching, not through the clothing, of the genitalia of the victim.

Collectively, the jury verdicts solidly support the conclusion that the defendant, at or around the age of 17 to 20 years old, on two separate occasions touched the breast area of a child who was under the age of 12. Further, that on one occasion while aged 25 to 27 years old, he grabbed the buttocks of a child who was between the ages of 12 to 16 years old. Finally, when he was approximately 32 years old, he either attempted to touch the vagina of a child under the age of 12 or that he attempted to place his penis into the mouth of that child.

For this and other speculative behavior[5] the government is seeking a Life sentence. Absent success on appeal, the defendant can only hope that the court imposes the 30-year minimum. The defendant has just turned 44 years of age. Incarceration into the defendant's 70 would already exceed rational limits for the behavior of conviction. A life sentence does nothing to further the goals of the 18 USC 3553(a).

The nature and circumstances of the offenses are unpleasant. However, when compared to other cases involving the sexual abuse of minors this is far less horrific

---

[5] Kissing, uncomfortable hugs, penis pictures and do not support increasing an already draconian sanction.

2nd Street LAW PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

than is often seen.  The Attempted Sexual Abuse by definition would be less atrocious that the completed crime.

   Mr. Saldana is a man who has been crushed by the jury verdict and the realization that the bulk of the rest of his life is now likely forfeit.  His only desire is to one day return home to his family.

Any sentence of 30 years or longer will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  The defense submits that 30 years more than adequately meets this and all other SS 3553 criteria.

Adequate deterrence to criminal conduct will likely have been achieved long before Mr. Saldana is ever eligible to get out.  The only question is whether there is any benefit for any reason to extend past the 30-year mark.  Likewise, the need to protect the public from further crimes of the defendant, by then a septuagenarian will have aged out of any meaningful risk of recidivism.

Nobody can reasonably argue that more than 30 years is necessary to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  There is no logical reason to extend a sentence beyond 30 years.  Emotionally, it may temporarily satisfy the darker impulses of the victim or their family.  Practically, there is no benefit at all.

2nd Street LAW PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

## CONCLUSION

For the foregoing reasons, Mr. Saldana respectfully requests that the court find as much mercy as the existing law currently allows.

DATED: May 30, 2025

/s Ulvar W. Klein
Ulvar W. Klein, WSBA 24334
2nd Street Law PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
(509) 452-6771 (fax)
ulvar@secondstreetlaw.com
Attorney for Jose Saldana.

## CERTIFICATE OF SERVICE

I hereby certify that on May 30th, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: AUSA Michael Murphy.

s/ Marcie Rivera
Marcie Rivera
2nd Street Law PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
(509) 452-6771 (fax)
marcie@secondstreetlaw.com